Argued and submitted May 26, affirmed October 13, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID M. MOORE,
*Appellant.*

## (97CR0655; CA A99700)

989 P2d 1058

Daniel M. Carroll, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy

Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

## LINDER, J.

In this appeal from a conviction for furnishing alcohol to a minor, ORS 471.410, defendant assigns error to the trial court's denial of his motion to suppress evidence. We affirm.

After a pretrial suppression hearing, the trial court made the following findings of fact:

> "Deputy Carpenter responded to the gravel bar/camping area on the Chetco River on 6/21/97 regarding some complaints as to noise or improper activity. From the campground area he observed a loud party some distance away on the gravel bar and an ATV being operated on the gravel bar in a manner he reasonably believed to be reckless as well as in violation of a number of motor vehicle laws. He then drove his vehicle (a marked police vehicle) to the only road which provides vehicle access to the gravel bar. He parked the vehicle on the road where he could view the gravel bar. It was night and no lights of any type on the vehicle were turned on. The deputy's purpose was to wait for the ATV to go up the access road so the officer could make a traffic stop of the ATV. He felt he could not stop the vehicle on the gravel bar since it could simply [drive] away and he did not have a vehicle to safely pursue it. His vehicle was pointed toward the gravel bar.

> "About fifteen minutes after taking up this position a vehicle came down the access road and stopped behind Carpenter's vehicle. Carpenter contacted the driver and thereafter ended up citing the driver and passengers for infraction/violations. While doing this a second vehicle came down the road, stopped and then quickly backed out of the road. A third vehicle then came down the road and stopped behind the vehicle Carpenter was dealing with. Carpenter almost immediately shone his flashlight on the vehicle and went to the driver's window. He asked the driver for a license and was advised that the driver did not have one. The defendant was the driver. After some discussion or questions, the defendant advised his license was suspended. The vehicle the defendant was driving was a pickup with a king cab. There were a front seat passenger and a rear seat passenger. The passenger in the front seat advised it was her vehicle and she had asked the defendant

to drive. Carpenter then asked if he could search the vehicle. The defendant said that was okay and Carpenter seized two bottles of beer or malt liquor from the vehicle. The defendant said he had provided the alcohol for the passengers."

Based on those findings, the trial court concluded that the encounter between Officer Carpenter and defendant was mere conversation and did not amount to a seizure. The trial court also concluded that defendant nonetheless "consented to a search and gave up whatever privacy rights he had in the vehicle." Accordingly, the trial court denied defendant's motion to suppress evidence obtained as a result of the search. On appeal, defendant challenges the lawfulness of the encounter, the factual support for the trial court's finding that he consented to the search, and the validity of consent. As we explain below, it is necessary to consider only defendant's arguments relating to consent to resolve this appeal.

**1, 2.**    On review of a motion to suppress, we are bound by the trial court's factual findings if there is sufficient evidence in the record to support them. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). Here, the evidence amply supports the finding that defendant consented to the search. Deputy Carpenter testified at the suppression hearing that he approached the vehicle and asked to see defendant's driver's license. Defendant explained that he did not have a driver's license and admitted that his license had been suspended. The owner of the car, Angela Kowalewski, was sitting in the front passenger seat and volunteered that she had asked defendant to drive. Carpenter then asked Kowalewski if he could search the car for alcoholic beverages. Carpenter testified that Kowalewski replied, "Sure, go ahead and check" as she started to get out of the car. Defendant and the other passenger "followed the lead" of Kowalewski and also said "Yes, sure." By consenting to the search, defendant relinquished whatever rights or interests he had in the area searched or the items seized.[1]

---

[1] The state argues that defendant failed to demonstrate a protected interest in the portion of the vehicle in which the beer was discovered and that, on that basis alone, he was not entitled to suppression. Our resolution of the consent issue renders it unnecessary to determine what, if any, constitutionally protected interest defendant can claim.

■ Because there is no basis to disturb the trial court's finding that defendant consented to the search, we need not address defendant's arguments relating to the lawfulness of the encounter. Evidence discovered as a result of valid consent to search is not subject to suppression unless consent was involuntarily given or was gained by exploitation of unlawful police conduct. *See State v. Daugaard,* 142 Or App 278, 281-82, 921 P2d 975 (1996). Defendant did not argue below that consent to the search was gained by exploitation, and we decline to consider that argument for the first time on appeal. ORAP 5.45(2). The trial court did not err in denying defendant's motion to suppress.

Affirmed.