Argued and submitted June 29, 2001, reversed and remanded August 28, 2002

# STATE OF OREGON,
*Appellant,*

*v.*

# ROBERT CARL BROWN,
*Respondent.*

## 991268; A110966

52 P3d 1110

Jonathan Fussner, Assistant Attorney General, argued the cause for appellant. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Thomas C. Patton, Assistant Attorney General.

Jesse Wm. Barton, Deputy Public Defender, argued the cause for respondent. With him on the brief was David E. Groom, Public Defender.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

■     Defendant was charged with possession of a firearm, ORS 166.270, possession of a controlled substance, ORS 475.992(4)(b), possession of a forged instrument, ORS 165.022, and two counts of theft, ORS 164.043. The state appeals from the trial court's ruling excluding evidence discovered after defendant consented to a search of his father's motor home. In reviewing the trial court's ruling, we determine whether the court applied the correct legal principles to its factual findings. *State v. Ehly*, 317 Or 66, 74, 854 P2d 421 (1993). We conclude that the trial court erred in suppressing the evidence and reverse.

Officer Murray knocked on the front door of a motor home to tell the occupant that it was illegally parked and had to be moved. Defendant's father, who owned the home, answered the door. Murray noticed a strong chemical smell and suspected the presence of methamphetamine. He asked the father who else was staying in the home and the father replied that defendant was staying in it. Murray remembered defendant to be someone whom he had arrested before and who had a criminal history that included possession or manufacture of a controlled substance. Murray left the scene to investigate further.

Later that day, Murray and three other officers found the motor home in a different location. Murray knocked on the door, and defendant answered. Murray suggested to defendant that defendant was "cooking crank" in the motor home. Defendant invited Murray in and told him to "go ahead and search." Murray found and seized evidence of the charged crimes in defendant's personal belongings piled by the front door. Murray also searched the entire motor home and seized other items belonging to defendant and supporting the charged crimes.

The trial court found that, although defendant was a guest in the motor home, his privacy interest extended to its entire interior. The court held, however, that, because defendant was not a permanent resident, he lacked actual authority to consent to a search of the motor home beyond his personal belongings located near the door. The trial court

reasoned that, because defendant could not consent to the search of his father's motor home, his consent did not waive his privacy interest in the places searched. The court held that items found in defendant's personal belongings other than those located near the doorway were inadmissible. On appeal, the state asserts that, by consenting to the search, defendant waived any privacy interest in the items seized. We agree.

■■    A person asserting a ground for suppression of evidence under Article I, section 9, of the Oregon Constitution[1] must establish that he or she has either a possessory or privacy interest in the area that is to be searched and the items seized. Under Article I, section 9, a person who has entrusted possessions to the owner of a house has a protected privacy interest in the area of the house in which the possessions are located. *State v. Tanner*, 304 Or 312, 321-22, 745 P2d 757 (1987). The trial court found that defendant had established that his privacy interest extended to the entire motor home. *See State v. Wrenn*, 150 Or App 96, 945 P2d 608 (1997). That finding is supported by the evidence. *Ehly*, 317 Or at 75.

■■    Under Article I, section 9, a warrantless search is *per se* unreasonable unless it falls within one of the limited exceptions to the warrant requirement. *State v. Stevens*, 311 Or 119, 126, 806 P2d 92 (1991). A person's voluntary consent to the search is one such exception. *State v. Moore*, 163 Or App 392, 396, 989 P2d 1058 (1999); *State v. Hadley*, 146 Or App 166, 172, 932 P2d 1194 (1997). When there is consent to search, no warrant is necessary. Consent can come from the party claiming the privacy interest or from a third party who has actual authority to give consent. *State v. Jenkins,* 179 Or App 92, 99, 39 P3d 868 (2002); *State v. Ready*, 148 Or App 149, 152, 939 P2d 117, *rev den* 326 Or 68 (1997). The trial court found that defendant's consent was voluntary.

■■    The trial court held, however, that defendant lacked actual authority to consent to a search of the motor home; accordingly, the court reasoned, his consent did not have the

---

[1] Article I, section 9, of the Oregon Constitution provides, in relevant part:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure[.]"

effect of waiving his privacy interest in the contents of the motor home. The trial court's reasoning was incorrect. It is only when the state relies on the consent of a *third party* that the state must show that the third party had actual authority to consent. *Ready*, 148 Or App at 153. Although defendant's consent to a search of the entire motor home may not have waived his father's privacy interest, *see State v. Edgell*, 153 Or App 108, 956 P2d 988 (1998), defendant's consent was nevertheless valid as to his *own* privacy interest in the motor home. By consenting to the search, defendant relinquished whatever rights or interests *he* had in the area searched or the items seized, and he consequently cannot assert a violation of Article I, section 9. *See Moore*, 163 Or App at 392. Accordingly, the trial court erred in suppressing evidence found in the search of the motor home.

Reversed and remanded.